Per Curiam.

Section 5546-3, General Code, provides in part:
“The tax imposed * * * shall be paid by the consumer to the vendor in every instance, and it shall be the duty of each vendor to collect from the consumer the full and exact amount of the tax * * *. In case the tax does not apply to a sale, the consumer must furnish to the vendor and the vendor must obtain from the consumer a certificate * * * that the sale is not legally subject to the tax. * * * no certificates need be obtained or furnished where the item of tangible personal property sold is never subject to the tax.”
Section 5546-9a, General Code, provides in part:
“In case any vendor fails to collect the tax * * * he shall be personally liable for such amount as he failed to collect * * *. In case any consumer refuses to pay * * * the tax * * * or in the case of a sale exempt from the application of the tax refuses to sign and present *545 to the vendor a proper certificate indicating the sale is not subject to the tax * # # he shall personally be liable for the amount of tax applicable to- the transaction.” (Emphasis supplied.)
It is apparent from a reading of the above-quoted portions of the sections that a consumer is liable only when he refuses to furnish an exemption certificate.
The record clearly discloses that the appellant did not refuse'to furnish the necessary certificates, but that he actually did furnish them, even though they may not have been furnished prior to the time the sales were made.
The decision of the Board of Tax Appeals, being unlawful, is reversed.

Decision reversed.

Weygandt, C. J., Middleton, Taet, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.